IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEC 2 6

ROBIN D. BROCCUTO,

        Plaintiff

CIVIL NO. 3:07CV782

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:   David N. Anthony, Registered Agent
           1001 Haxall Point
           Richmond, VA 23219

and

TRANS UNION, LLC.

SERVE:   Corporation Service Company, Registered Agent
           11 S. 12th Street
           Richmond, VA 23218

and

EQUIFAX INFORMATION SERVICES, LLC.

SERVE: Corporation Service Company, Registered Agent
          11 S. 12th Street
          Richmond, VA 23218

and

CAPITAL ONE BANK

SERVE:   Corporation Service Company, Registered Agent
         11 S. 12th Street
         Richmond, Virginia

and

EXPRESS STORES, INC.
t/a LIMITED EXPRESS

SERVE:   Edward R. Parker, Registered Agent
          5511 Staples Mill Road
          Richmond, Virginia

and

LANE BRYANT, INC.

SERVE: Corporation Service Company, Registered Agent
11 S. 12th Street
Richmond, Virginia

and

EXPRESS STORES, INC.
t/a WFNNB/ EXPRESS STRUCTURE

SERVE: Edward R. Parker, Registered Agent
5511 Staples Mill Road
Richmond, Virginia

and

DISCOVER FINANCIAL SERVICES, LLC.

SERVE: Secretary of Commonwealth
1111 East Broad Street
Richmond, Virginia

        Defendants

## COMPLAINT

COMES NOW the Plaintiff, ROBIN D. BROCCUTO, (hereafter collectively the "Plaintiff") by counsel, and for her complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act) and for the common law tort of defamation.

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367. Eight of the Defendants reside in the District and Division.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. She is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a corporation authorized to do business in the State of Virginia through its registered offices in Newport News, Virginia.

5. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, TRANS UNION, LLC. ("Trans Union") is a corporation authorized to do business in the State of Virginia through its registered offices in Glen Allen, Virginia.

8. Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, EQUIFAX INFORMATION SERVICES, LLC. ("Equifax") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, Capital One Bank ("Capital One") is a corporation authorized to do business in the State of Virginia, as a credit lender.

14. Upon information and belief, Express Stores, Inc. t/a Limited Express ("Limited Express") is a corporation authorized to do business in the State of Virginia, as a credit lender.

15. Upon information and belief, Lane Bryant, Inc. ("Lane Bryant") is a corporation authorized to do business in the State of Virginia, as a credit lender.

16. Upon information and belief, Express Stores, Inc. t/a WFNNB/Express Structure ("Structure") is a corporation authorized to do business in the State of Virginia, as a credit lender.

17. Upon information and belief, Discover Financial Services, LLC ("Discover") is a foreign corporation doing business in the State of Virginia as a credit lender.

## FACTS

18. Prior to, on or about and after April, 2006 Plaintiff obtained a copy of her credit reports with Equifax, Experian and Trans Union and learned that each were reporting several credit accounts for which Plaintiff was not responsible. Two accounts, Capital One and Discover Financial

Services, were litigated in General District Court, York County, Virginia and it was determined that the Plaintiff was not responsible for such accounts and that she was a victim of identity theft.

19. On or about April 28, 2006 Plaintiff disputed the inaccurate information concerning a Lane Bryant account with Experian. She advised the Defendant that she was not the person that conducted certain transactions regarding the account and in addition, advised that she had filed a criminal complaint against the perpetrator that conducted the transactions. (the "Lane Bryant Reporting").

20. The Lane Bryant Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for same.

21. On May 22, 2006 Experian responded to Plaintiff's April 28, 2006 dispute by acknowledging notice of same and by stating that Experian had added an "Extended Fraud Victim Alert" to Plaintiff's credit report, however, failed to delete the inaccurate information regarding the account from the Plaintiff's credit file. On March 24, 2007, Plaintiff again received a copy of her credit report from Experian. Within the March 24, 2007 report, Experian reported the Lane Bryant account with a status of "charge off/past due".

22. On or about April 28, 2006, the Plaintiff wrote to Equifax and disputed inaccurate information concerning an account with Lane Bryant, an account with Structure and an account with Limited Express. She advised the Defendant that she was not the person that conducted certain transactions regarding the accounts and in addition, advised that she had filed a criminal complaint against the perpetrator that conducted the transactions. (the "Limited Express Reporting")

23. The Limited Express Reporting was false. The Plaintiff never signed the application for credit and was never legally responsible for same.

24. On June 15, 2006 Equifax responded to Plaintiff's April 28, 2006 dispute by acknowledging notice of same and by stating that Equifax had confirmed that the accounts were verified as being reported correctly and remain.

25. On or about April 28, 2006, the Plaintiff wrote to Trans Union and disputed inaccurate information concerning an account with Discover Financial Services, an account with Capital One, an account with Lane Bryant, an account with Structure and an account with Limited Express. She advised the Defendant that she was not the person that conducted certain transactions regarding the accounts and in addition, advised that she had filed a criminal complaint against the perpetrator that conducted the transactions. (the "Reportings")

26. The Reportings were false. The Plaintiff never signed the any of the respective applications for credit and was never legally responsible for same.

27. On May 9, 2006, Trans Union responded to Plaintiff's April 28, 2006 dispute by acknowledging notice of same and by stating that Trans Union had confirmed that the accounts were verified and remain.

28. On April 18, 2007, Plaintiff again received a copy of her credit report from Trans Union. Within the April 18, 2007 report, Trans Union continued to report disputed accounts within Plaintiff's credit file showing a status of "charge off".

29. In addition to the disputes alleged in detail herein, the Plaintiff made multiple additional disputes to Trans Union, Equifax and Experian regarding these alleged credit accounts and others, all because they did not belong to her and/or were the result of identity theft.

30. Defendants each received, but ignored the Plaintiff's dispute letters and did refuse to delete the inaccurate information regarding the accounts from the Plaintiff's credit file.

31. Defendants each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit same.

32. After receiving Plaintiff's notices of the inaccuracies and within the two years preceding the filing of this action, Equifax, Experian and Trans Union each prepared and published to third parties multiple inaccurate consumer reports about Plaintiff which contained the inaccurate derogatory accounts.

33. Upon information and belief, Plaintiff alleges that on one or more occasions Equifax, Experian and Trans Union each forwarded Plaintiff's disputes to Discover, Capital One, Lane Bryant, Limited Express and Structure. Upon information and belief, Discover, Capital One, Lane Bryant, Limited Express and Structure were provided notice of Plaintiff's disputes and despite this notice, each failed and refused to investigate and correct its inaccurate reporting.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)
## (EXPERIAN, EQUIFAX and TRANS UNION)

34. The Plaintiff realleges and incorporates paragraphs 1 through 33 above as if fully set out herein.

35. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it published and maintains concerning the Plaintiff.

36. As a result of the conduct, actions and inactions of each of the Defendants the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

37. Defendants' conduct, actions and inactions were willful, rendering each of the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(1)
### (EXPERIAN, EQUIFAX and TRANS UNION)

39. Plaintiff realleges and incorporates paragraphs 1 through 38 above as if fully set out herein.

40. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

41. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

42. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

43. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(2)
## (EXPERIAN, EQUIFAX and TRANS UNION)

44. Plaintiff realleges and incorporates paragraphs 1 through 43 above as if fully set out herein.

45. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide to Lane Bryant, Discover, Limited Express, Structure, and Capital One all relevant information regarding the Plaintiff's dispute.

46. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

47. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

48. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## §15 U.S.C. 1681i(a)(4)
## (EQUIFAX, EXPERIAN and TRANS UNION)

49. Plaintiff realleges and incorporates paragraphs 1 through 48 above as if fully set out herein.

50. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider <u>all</u> relevant information submitted by Plaintiff.

51. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

52. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

53. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(A)
### (EXPERIAN, EQUIFAX and TRANS UNION)

54. Plaintiff realleges and incorporates paragraphs 1 through 53 above as if fully set out herein.

55. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

56. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

57. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

58. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### §15 U.S.C. 1681i(a)(5)(C)
### (EXPERIAN, EQUIFAX and TRANS UNION)

59. Plaintiff realleges and incorporates paragraphs 1 through 58 above as if fully set out herein.

60. Defendants, Experian, Equifax and Trans Union each violated 15 U.S.C. §1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit file.

61. As a result of the conduct, actions and inactions of Defendants, Experian, Equifax and Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

62. Defendants, Experian, Equifax and Trans Union's conduct, actions and inactions were willful, rendering Defendants, Experian, Equifax and Trans Union liable for punitive damages in

an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants, Experian, Equifax and Trans Union were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

63. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants, Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(A)
### (LANE BRYANT, DISCOVER, LIMITED EXPRESS, STRUCTURE and CAPITAL ONE)

64. Plaintiff realleges and incorporates paragraphs 1 through 63 above as if fully set out herein.

65. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Lane Bryant, Discover, Limited Express, Structure, and Capital One each violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the Lane Bryant, Discover, Limited Express, Structure, and Capital One representations.

66. As a result of this conduct, action and inaction of Lane Bryant, Discover, Limited Express, Structure and Capital One, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

67. Lane Bryant, Discover, Limited Express, Structure and Capital One's conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Lane Bryant, discover, Limited Express, Structure and Capital One were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
**(LANE BRYANT, DISCOVER, LIMITED EXPRESS, STRUCTURE and CAPITAL ONE)**

69. Plaintiff realleges and incorporates paragraphs 1 through 68 above as if fully set out herein.

70. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, Lane Bryant, Discover, Limited Express, Structure, and Capital One each violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

71. As a result of this conduct, action and inaction of Lane Bryant, Discover, Limited Express, Structure and Capital One, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

72. Lane Bryant, Discover, Limited Express, Structure and Capital One's conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Lane Bryant, discover, Limited Express, Structure and Capital One were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

73. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT NINE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (LANE BRYANT, DISCOVER, LIMITED EXPRESS, STRUCTURE and CAPITAL ONE)

74. Plaintiff realleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

75. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, Lane Bryant, Discover, Limited Express, Structure, and Capital One each violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the Lane Bryant, Discover, Limited Express, Structure and Capital One representations within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

76. As a result of this conduct, action and inaction of Lane Bryant, Discover, Limited Express, Structure and Capital One, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain, anguish, humiliation and embarrassment.

77. Lane Bryant, Discover, Limited Express, Structure and Capital One's conduct, action and inaction was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Lane Bryant, discover, Limited Express, Structure and Capital One were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

78. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from each of the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

ROBIN D. BROCCUTO,

By_____
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 facsimile