**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

_____
**ROBIN D. BROCCUTO,**          )
                                )
                **Plaintiff,**  )
                                )
v.                              )       Case No.: 3:07cv782
                                )
**EXPERIAN INFORMATION SOLUTIONS,**  )
**INC., et al.**                )
                                )
                **Defendants.** )
                                )
_____)

**MEMORANDUM OF DEFENDANT LANE BRYANT INC. IN SUPPORT OF**
**ITS MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE**
**12(b)(1) AND 12(b)(6)**

## I.  INTRODUCTION

Through Counts Seven, Eight, and Nine of her Complaint, Plaintiff Robin D. Broccuto seeks recovery against Lane Bryant, Inc., which has been improperly named as a defendant in this action wherein the proper party is World Financial Network National Bank ("WFNNB"), for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").  In these three counts (the only counts of the Complaint against WFNNB), Plaintiff claims that WFNNB failed to appropriately respond to information reported to consumer reporting agencies regarding a credit card account established in Plaintiff's name.  However, each of Plaintiff's FCRA claims are time-barred because Plaintiff failed to bring this lawsuit against WFNNB within the statute of limitations period prescribed by FCRA - depriving this court of subject matter jurisdiction over these claims.  As such, this Court should dismiss the Complaint against WFNNB with prejudice.

In addition, Count Nine of the Complaint fails to state a claim upon which relief can be granted. Plaintiff has failed to plead facts sufficient to demonstrate that WFNNB may have violated those sections of FCRA addressed under Count Nine. Accordingly, even if this Court finds that it may exercise subject matter jurisdiction over the claims asserted against WFNNB in the Complaint, this Court should dismiss Count Nine with respect to WFNNB because Plaintiff's Complaint fails to state a claim upon which relief can be granted with respect to this Count.

## I. ALLEGATIONS OF THE COMPLAINT AGAINST WFNNB

On December 26, 2007, Plaintiff Robin D. Broccuto filed the present action against eight (8) defendants, including WFNNB, alleging that each of these defendants has violated FCRA.[1] Plaintiff has identified three of the defendants as "credit reporting agencies" under the definition of that term included in FCRA (the "CRA Defendants"). Complaint, ¶¶ 5, 18, 11. The remaining five defendants, including WFNNB, have been identified by Plaintiff as credit lenders (the "Credit Lender Defendants") – a term that is not defined in FCRA or by the Plaintiff.[2] Complaint, ¶¶ 13-17.

Plaintiff alleges that "[p]rior to, on or about and after April, 2006" she obtained a copy of her credit reports from the CRA Defendants and learned that each of the CRA Defendants was reporting a number of credit accounts that she was not responsible for. Complaint, ¶ 18. Plaintiff alleges that she disputed this information with each of the CRA Defendants on our about April 28, 2006. Complaint, ¶¶ 19, 22, 25. Specifically, Plaintiff alleges that she advised Defendant Experian Information Solutions, Inc. ("Experian") that it had reported inaccurate information concerning a Lane Bryant charge account (the "Lane Bryant Credit Card Account")

---

[1] Plaintiff also claims that a number of the defendants have committed the common law tort of defamation. As no such claim is asserted against WFNNB, these allegations are not discussed in this Motion or Memorandum.

[2] Whether WFNNB is actually a credit lender is not relevant to WFNNB's Motion to Dismiss. As such, for purposes of this Motion, this Court may assume this allegation is true. However, WFNNB reserves the right to

on her credit report. Complaint, ¶ 19. She advised Experian that she was not the person that conducted the disputed transactions and that she had filed a criminal complaint against the individual who had conducted them. *Id*.

Plaintiff alleges that on May 22, 2006, Experian responded to her dispute, acknowledging notice of the same and stating that it had added an "Extended Fraud Victim Alert" to her credit report. Complaint, ¶ 21. However, Plaintiff alleges that the disputed information appeared on her Experian credit report when she received a copy of it in March, 2007, with the Lane Bryant Credit Card Account showing a status of "charge off/past due". *Id*. Plaintiff alleges that the CRA Defendants forwarded her disputes to WFNNB, but that WFNNB failed and refused to investigate and correct the inaccurate reporting. Complaint, ¶ 33.

Plaintiff asserts three (3) counts against WFNNB – each alleging violations of the FCRA. Count Seven of the Complaint alleges that WFNNB violated 15 U.S.C. § 1681s-2(b)(1)(A) through its failure to fully and properly investigate Plaintiff's disputes. Complaint, ¶ 65. Count Eight of the Complaint alleges that WFNNB violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided to it by the CRA Defendants. Complaint, ¶ 70. Finally, Count Nine of the Complaint alleges that WFNNB violated 15 U.S.C. § 1681s-2(b)(1)(C) & (D) by publishing representations about the Lane Bryant Credit Card Account within Plaintiff's credit file with credit reporting agencies without also including a notation that the debt was disputed and by failing to correctly report the results of an accurate investigation to each other credit reporting agency. Complaint, ¶ 75. Each of the allegations included in Counts Seven, Eight, and Nine allegedly occurred on one or more occasions within two years prior to the filing of the lawsuit. Complaint, ¶¶ 65, 70, 75.

---

dispute this allegation should this Motion to Dismiss be denied.

## II.     STANDARD FOR DECISION

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(1) disputes the ability of a court to exercise subject matter jurisdiction over the claims asserted in a lawsuit. In the context of the FCRA, this Court has permitted this to be done by demonstrating that the statute of limitations applicable to the claims asserted in the lawsuit has expired. *Packer v. Security National Automotive Acceptance Corp.*, 2007 U.S. Dist. LEXIS 9467, *7 (E.D. Va. Feb. 8, 2007). In making such an argument, a defendant may either attack a complaint on its face by asserting that it does not allege facts upon which subject matter jurisdiction can be based, or the defendant may assert that the jurisdictional facts pled are not true. *Id.* at *7. Where a defendant asserts that the plaintiff has pled untrue jurisdictional facts in her Complaint in an effort to bring the claim within the statue of limitations, no presumption of truthfulness is applied to the complaint's allegations. *Id* at *8. Rather, the court may consider and weigh extrinsic evidence in order to determine whether it has the power to hear the case. *Id.*; *see also Martin v. United States Army*, 2007 U.S. Dist. LEXIS 90418 (S.D. W.Va. Dec. 7, 2007) (holding that, when considering a Rule 12(b)(1) motion, "[t]he court may consider . . . evidence by affidavit, depositions, live testimony or declarations complying with 28 U.S.C. § 1746."); *Smith v. United States*, 518 F. Supp. 2d 139, 145 (D. D.C. 2007) ("Where a factual challenge is made, the Court may consider materials outside the pleadings to determine whether it has subject-matter jurisdiction over the challenged case or claims." (internal quotation and citation omitted)); *Cutting v. United States*, 204 F. Supp. 2d 216, 218-19 (D. Mass. 2002) ("In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenging subject matter jurisdiction, the court may consider materials outside the pleadings."). The burden is on the plaintiff to prove that jurisdiction is proper. *Id*.

A motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a claim. *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 837 (E.D. Va. 2007) (internal citations omitted). The complaint must "sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Pretlow v. AFNI, Inc.*, 2008 U.S. Dist. LEXIS 8993, *2 (W.D. Va. Feb. 7, 2008) (internal quotation and citation omitted). The court must grant a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) when the plaintiff can not prove a set of facts upon which relief may be granted, even when the court accepts all non-conclusory factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Davis v. Regional Acceptance Grp.*, 300 F. Supp. 2d 377, 381-82 (E.D. Va. 2002). The court should dismiss a party's legally insufficient claims even if the party's other theories could support recovery. *Williams*, 498 F. Supp. 2d at 840-47.

### III.  ARGUMENT

**A.  THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS ASSERTED AGAINST WFNNB IN COUNTS SEVEN, EIGHT, AND NINE OF THE COMPLAINT.**

FCRA contains a statute of limitations applicable to all actions brought to enforce liability under the Act. 15 U.S.C. § 1681p provides that such an action must be brought not later than the earlier of:

> (1)  2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2)  5 years after the date on which the violation that is the basis of such liability occurs.

Applying the jurisdictional facts pled in the Complaint to this statutory limitations period, it would appear that this lawsuit was filed within the appropriate time period. However, the jurisdictional facts pled in the Complaint are not true. The true facts clearly demonstrate that the

statute of limitations applicable to this matter expired nearly two (2) years prior to the date that this lawsuit was filed.

In her Complaint, Plaintiff alleges that she obtained a copy of her credit reports from the CRA Defendants and learned that each was reporting a number of credit accounts for which she was not responsible "**[p]rior to**, on or about and after April, 2006". Complaint, ¶ 18 (emphasis added). Plaintiff also alleges that she disputed the allegedly inaccurate information with each of the CRA Defendants on our about April 28, 2006. Complaint, ¶¶ 19, 22, 25.

In actuality, On November 20, 2003, Plaintiff contacted WFNNB to report fraudulent activity with respect to the Lane Bryant Credit Card Account. *See* Affidavit of Andrea K. Dent ("Dent Affidavit"), ¶ 5, attached as Exhibit A. Plaintiff claimed that her ex-sister-in-law, Pamela Phaup, made unauthorized charges to the Lane Bryant Credit Card Account. *Id*. Prior to February 3, 2004, after WFNNB conducted a fraud investigation, it was determined that there had been no fraud with respect to the Lane Bryant Credit Card Account. Dent Affidavit, ¶ 6. On February 3, 2004, WFNNB sent Plaintiff a letter notifying her of the results of the investigation into her Lane Bryant Credit Card Account and indicating that she was found to be responsible for the balance on that account. Dent Affidavit, ¶ 7.

In January 2004, WFNNB received notices of disputes from national credit reporting agencies (the "Agencies") regarding the Lane Bryant Credit Card Account. Dent Affidavit, ¶ 8. On January 13, 2004, WFNNB verified/confirmed the Lane Bryant Credit Card Account to the Agencies. *Id*. WFNNB verified/confirmed the Lane Bryant Credit Card Account to the Agencies in response to additional notices of disputes on January 27, 2004, July 30, 2005, August 2, 2005, November 9, 2005, and May 19, 2006. Dent Affidavit, ¶ 9.

The basis of Plaintiff's Complaint against WFNNB is that, according to the Complaint,

she disputed inaccurate information concerning the Lane Bryant Credit Card Account and she advised that she was not the person who conducted certain transactions regarding the Lane Bryant Credit Card Account. Compl., ¶ 19. In fact, it was in late 2003/early 2004 when Plaintiff first asserted these claims and made these disputes regarding the alleged unauthorized transactions on the Lane Bryant Credit Card Account to WFNNB directly and through the Agencies. Dent Affidavit, ¶¶ 5-9. And on January 13, 2004, February 3, 2004, January 27, 2004, July 30, 2005, August 2, 2005, and November 9, 2005, WFNNB, finding no fraudulent transactions as alleged, confirmed the Lane Bryant Credit Card Account. Dent Affidavit, ¶¶ 5-9. As such, Plaintiff was aware of the alleged violations that form the basis of her FCRA counts against WFNNB almost four (4) years prior to December 26, 2007, the date Plaintiff's Complaint was filed. Accordingly, Plaintiff's FCRA counts against WFNNB were not brought within FCRA's "two years from the date of discovery by the plaintiff of the violation" limitations period (under 15 U.S.C. § 1681p), and each of Plaintiff's counts in the Complaint against WFNNB are time-barred and should be dismissed with prejudice.

B. **PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST WFNNB IN COUNT NINE OF THE COMPLAINT.**

Plaintiff has failed to sufficiently plead allegations in her Complaint to make out a claim upon which relief can be granted against WFNNB for violations of 15 U.S.C. § 1681s-2(b)(1)(C) & (D) as pled in Count Nine. As discussed above, to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a Complaint must contain sufficient factual allegations to allow the court to infer that all of the elements of each cause of action exist. *Pretlow*, 2008 U.S. Dist. at *2 (considering a 12(b)(6) motion to dismiss claims brought under the FCRA). Plaintiff has failed to do this with respect to Count Nine.

Count Nine of Plaintiff's Complaint alleges that WFNNB violated 15 U.S.C. § 1681s-

2(b)(1)(C) & (D). These provisions of the FCRA require that, after receiving notice of a dispute regarding the completeness or accuracy of any information provided by a person to a credit reporting agency, that person must report the results of the investigation to the consumer reporting agency and, if the investigation finds that the information is incomplete or inaccurate, the results of that investigation must be reported to those consumer reporting agencies specified under 15 U.SC. § 1681s-2(b)(1)(D). Nowhere in the Complaint has Plaintiff alleged that WFNNB (1) failed to report the results of its investigation to Experian or any other credit reporting agency or (2) that the investigation conducted by WFNNB found that the information disputed was incomplete or inaccurate. Rather, Count Nine simply includes allegations that WFNNB published representations in the Plaintiff's credit file with the CRA Defendants "without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency." Complaint ¶ 75. None of these allegations in any way address the requirements set out in 15 U.S.C. § 1681s-2(b)(1)(C) & (D). As such, Plaintiff has failed to plead sufficient factual allegations to allow this court to infer that all of the elements of cause of action under 15 U.S.C. § 1681s-2(b)(1)(C) & (D) exists. Therefore, as a matter of law, this Court should dismiss with prejudice Count Nine of Plaintiff's Complaint with respect to WFNNB as Plaintiff has failed to state a claim upon which relief can be granted.

## IV.   CONCLUSION

Just as a party subject to FCRA's requirements must comply with its terms, a plaintiff seeking redress under FCRA must comply with the statute of limitations clearly prescribed therein. Plaintiff failed to bring her Complaint against WFNNB within the applicable limitations period, and, accordingly, her Complaint against WFNNB should be dismissed with prejudice.

Alternatively, Plaintiff's Count Nine fails to state a claim upon which relief can be granted, and should be dismissed with prejudice.

Dated:  February 25, 2008

                                          Respectfully submitted,

                                          LANE BRYANT, INC.

                                          By: _____/s/_____
                                                  Counsel

John B. Mumford, Jr. (VSB No.:  38764)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Phone:  (804) 967-9604
Fax:  (804) 967-9888
jmumford@hdjn.com
*Counsel for Lane Bryant, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 25th day of February, 2008 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia  23606

David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219

Mark G. Carlton
Harman Claytor Corrigan & Wellman
4951 Lake Brook Drive, Suite 100
Glen Allen, Virginia  23060-9272

John W. Montgomery, Jr.
Montgomer & Simpson, LLLP
2116 Dabney Road, Suite A-1
Richmond, Virginia  23230

Travis A. Sabalewski
Stacy L. Haney
Reed Smitt LLP
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219-4069

                /s/
              John B. Mumford, Jr. (VSB No.:  38764)
              Hancock, Daniel, Johnson & Nagle, P.C.
              4701 Cox Road, Suite 400
              Glen Allen, Virginia 23060
              Phone:  (804) 967-9604
              Fax:  (804) 967-9888
              jmumford@hdjn.com
              *Counsel for Lane Bryant, Inc.*