## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ROBIN D. BROCCUTO,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀Civil Action No. 3:07CV782-HEH
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
EXPERIAN INFORMATION SOLUTIONS⠀)
INC., *et al.*,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendants.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

### MEMORANDUM OPINION
### (Denying Defendant WFNNB's Motion to Dismiss)

This is a civil action for damages brought pursuant to the Fair Credit Reporting

Act ("FCRA"). It is before the Court on the Motion to Dismiss filed on February 25,

2008 by Defendant World Financial Network National Bank ("WFNNB"), named as

Lane Bryant, Inc. in the Complaint. The Court will dispense with oral argument because

the facts and legal contentions are adequately presented in the materials before the Court,

and argument would not aid in the decisional process at this stage. For the reasons stated

herein, the Court will deny Defendant's motion.

Plaintiff Robin D. Broccuto filed this Complaint on December 26, 2007 against the

three major credit reporting agencies, Experian, Equifax, and TransUnion, as well as five

defendants that extend credit to consumers. WFNNB is one such defendant. The bank

extends credit to consumers through a Lane Bryant credit card that can be used to

purchase merchandise at clothier Lane Bryant's retail locations and through Lane

Bryant's website.  Broccuto claims that on or about April 26, 2006, she discovered a Lane

Bryant account on her credit report.  The account was listed as past due.  Broccuto

maintains in her Complaint that she did not open this account and that she is a victim of

identity theft.  She subsequently attempted to contact the credit reporting agencies to

dispute the validity of the Lane Bryant credit account in hopes of correcting the allegedly

inaccurate account information contained in her credit report and rectifying her now-

marred credit score.

Broccuto's Complaint alleges three FCRA violations by WFNNB.  She alleges that

on one or more occasions within the past two years (1) WFNNB failed to properly

investigate after it was notified that she did not open the Lane Bryant account, in violation

of 15 U.S.C. § 1681s-2(b)(1)(A) (Count Seven); (2) WFNNB failed to review all relevant

information provided by the credit reporting agencies in violation of 15 U.S.C. § 1681-

2(b)(1)(B) (Count Eight); and (3) WFNNB published Broccuto's past due status to the

credit reporting agencies without including a notation that the debt was disputed and did

not correctly report the results of an accurate investigation, in violation of 15 U.S.C. §

1681s-2(b)(1)(C) and (D) (Count Nine).

WFNNB's motion to dismiss rests on two grounds.  The bank asserts that it should

be dismissed as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(1) because

Counts Seven, Eight, and Nine are barred by FCRA's statute of limitations.  In the

alternative, WFNNB argues that Count Nine fails to state a claim and seeks dismissal of

that count under Rule 12(b)(6). The Court will first address the statute of limitations issue.

"It is a fundamental precept that federal courts are courts of limited jurisdiction, constrained to exercise only authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking*, 147 F.3d 347, 352 (4th Cir. 1998) (citations omitted). A federal court cannot assume jurisdiction exists. Rather, the plaintiff is required to specifically plead adequate facts in its complaint to sufficiently establish the court has jurisdiction. *Norton v. Larney*, 266 U.S. 511, 515-16 (1925). A defendant may move for dismissal when a complaint contains a jurisdictional defect. Fed. R. Civ. P. 12(b)(1).

WFNNB believes that this Court is without jurisdiction to hear Counts Seven, Eight, and Nine because Broccuto filed her Complaint after the FCRA limitations period had run. A defendant may prevail on a motion under Rule 12(b)(1) by showing that the facts as pled in the complaint fail to establish jurisdiction, or as WFNNB attempts to do here, by showing that the jurisdictional facts pled in the complaint are untrue. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant contends that the facts contained in the complaint upon which jurisdiction rests are untrue, the Court may consider evidence outside the complaint in order to assure jurisdiction is proper. *Id.*

FCRA provides damages to a consumer when banks and other lenders, referred to as 'furnishers of information' in the Act, do not take certain steps in response to a

3

consumer dispute. "After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency . . .; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1)(A)-(D). A cause of action created by the preceding FCRA section must be brought in United States district court "not later than the earlier of (1) 2 years after the discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Broccuto's pleading states that she disputed the validity of the subject Lane Bryant account with the three credit reporting agencies in April 2006. She alleges that WFNNB failed to perform all of the duties mandated by § 1681s-2(b)(1)(A)-(D) after it received notice of Broccuto's dispute from the credit reporting agencies. Broccuto filed her Complaint on December 26, 2007.

WFNNB alleges that Broccuto first learned of fraud involving the Lane Bryant account well before April 2006 and that she, in fact, first notified WFNNB of the dispute

4

on November 20, 2003.  WFNNB provided an affidavit from one of its employees stating that Broccuto first contacted WFNNB to dispute the validity of the Lane Bryant account opened in her name on November 20, 2003.  WFNNB was notified of additional disputes related to the Lane Bryant account through the credit reporting agencies on January 27, 2004, July 30, 2005, August 2, 2005, November 9, 2005, and May 19, 2006.  WFNNB argues that Broccuto therefore learned of and disputed the allegedly improper Lane Bryant transactions more than two years prior to filing this suit, so the statute of limitations contained in 15 U.S.C. § 1681p has lapsed and WFNNB should be dismissed as a defendant from Counts Seven, Eight, and Nine.

Broccuto admits that she first discovered that an identity thief had opened a Lane Bryant credit card account in her name in 2003 and that she contacted WFNNB and the credit reporting agencies multiple times since discovery.  She believes, however, that WFNNB misconstrues the interplay between FCRA and its statute of limitations and that her FCRA claims against WFNNB, as pled, were timely filed.  The Court agrees.

As previously mentioned, FCRA imposes certain duties, such as the duty to conduct an investigation, on credit reporting agencies and lenders.  15 U.S.C. § 1681s-2(b).  A plain reading of the Act reveals that these duties are triggered when a credit reporting agency or lender receives notice of a dispute from a consumer.  *Id.*  FCRA does not punish a lender merely for furnishing inaccurate information to a credit reporting agency.  Rather, FCRA provides damages when a bank or credit reporting agency fails to

5

take certain steps once notice of a consumer dispute is received. *Id.* It is the failure to act as prescribed by the statute after receiving notice of a dispute which creates the cause of action.

The portion of FCRA's statute of limitations relevant to WFNNB's motion requires a civil action to be initiated within "2 years after the date of *discovery* by the plaintiff of *the violation* that is the basis for . . . liability." 15 U.S.C. § 1681p(1) (emphasis added). The statute of limitations accrues based on the date the violation was discovered by the consumer, not the date the consumer first observed inaccurate information on their credit report. As described above, a violation of FCRA occurs when a lender or credit reporting agency receives notice of a dispute and fails to act as the statute mandates. The date that the allegedly fraudulent transactions were charged to a consumer's account is not relevant in computing the statute of limitations. Nor is the date that the consumer learned that his credit report contained inaccuracies actually relevant in the calculus.[1] Given FCRA's clear wording, a plaintiff must file suit within two years from the date that he learns that a credit reporting agency or lender did not act as required

---

[1]The statute of limitations is based on a consumer discovering that a bank or credit reporting agency did not take certain steps in response to their dispute. That means the clock does not begin running until a consumer learns information which appears to be normally within the province of the bank or credit reporting agency and not easily discovered by the consumer. Though its not necessary for resolving this motion, it would be difficult to determine exactly when a consumer discovered an FCRA violation at such an early stage of the litigation.

by the statute in response to his dispute.[2]

There is no real factual dispute here as to when Broccuto learned that an allegedly unauthorized Lane Bryant account was opened in her name. She admits to learning of the account and disputing its validity on multiple occasions since 2003. In her Complaint, however, Broccuto only seeks damages for violations of the act that occurred in response to the dispute she raised with WFNNB, through the credit reporting agencies, in April 2006. Any violations of FCRA committed by WFNNB in response to the earlier disputes Broccuto made may indeed be time-barred, but Broccuto has only plead violations related to the specific actions WFNNB took in response to her 2006 dispute. As such, Counts Seven, Eight, and Nine were clearly filed within the applicable two-year statute of limitations.

WFNNB argues that the FCRA violations Broccuto claims occurred in 2006 must be tied to her original discovery of the allegedly fraudulent Lane Bryant account and subsequent dispute in 2003. WFNNB claims that an alternative reading would permit a plaintiff to rekindle an FCRA claim simply by making another complaint about the same account. Broccuto's multiple disputes are in effect, according to WFNNB, the same dispute over the same Lane Bryant credit account and should not be permitted to give rise to multiple FCRA violations, each subject to their own statute of limitations.

Precedent in this area is sparse and no case directly on point exists in this Circuit,

---

[2] 15 U.S.C. § 1681p(2) caps the discovery period by requiring all claims to be brought within five years of the actual violation.

but a hand full of district courts elsewhere have agreed with WFNNB's argument. In

*Bittick v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917 (N.D.Tex. 2006), the

court refused to allow additional complaints regarding the same allegedly inaccurate

information to restart the statute of limitations because to hold otherwise "would allow

plaintiffs to indefinitely extend the limitations period by simply sending another

complaint letter to the credit reporting agency." *Id.* at 919. Another district court agreed

with this line of thought in a later opinion and ruled that "[t]o allow . . . claims to go

forward based upon the subsequently submitted complaints would allow plaintiffs to

indefinitely extend the limitations period and render it a nullity." *Blackwell v. Capital

One Bank*, 2008 WL 793476 (S.D.Ga. 2008).

This Court cannot square the logic of those opinions with a plain reading of

FCRA.  The Act states that "[a]fter receiving notice pursuant to section 611(a)(2) of *a

dispute* with regard to the completeness or accuracy of *any information* provided by a

person to a consumer reporting agency, the person *shall* (A) conduct an investigation with

respect to the disputed information . . . " 15 U.S.C. § 1681s-2 (emphasis added). The

statute's construction creates a violation every time a consumer submits a dispute to a

credit reporting agency and that agency or the relevant lender does not respond to the

complaint as directed by the statute. The fact that the account or transactions questioned

in the instant dispute may have also been the subject of a previous dispute does not

mitigate the obligations of the bank or credit reporting agency to take the actions outlined

8

in § 1681s-2(b)(1)(A)-(D).

FCRA therefore imposes a burden on banks to respond appropriately to each and every consumer dispute that is admittedly onerous, but that burden appears consistent with the congressional intent underlying the Act. When Congress enacted FCRA in 1970, it recognized there was a need to ensure that those parties which controlled a consumer's credit history and therefore access to future credit "exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. "As relevant here, the Act seeks to accomplish those goals by requiring credit reporting agencies to maintain 'reasonable procedures' designed 'to assure maximum possible accuracy of the information' contained in credit reports and to 'limit the furnishing of [such reports] to' certain statutorily enumerated purposes." *TRW, Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (internal citations omitted). The majority of courts that have ruled on this issue concur in the Court's interpretation of FCRA. *See, e.g., Hyde v. Hibernia*, 861 F.2d 446, 450 (5th Cir. 1988) ("each transmission of the same credit report is a separate and distinct tort to which a separate statute of limitations applies"); *Larson v. Ford Credit*, 2007 WL 1875989 (D.Minn. 2007) ("each re-report of inaccurate information, and each failure to conduct a reasonable investigation in response to a dispute, is a separate FCRA violation subject to its own statute of limitations"); *Campbell v. Chase Manhattan Bank*, 2005 WL 1514221 (D.N.J. 2005); *Lawrence v. TransUnion LLC*, 296 F. Supp. 2d 582, 587 (E.D.Pa. 2003).

9

Accordingly, the Court finds that Broccuto has pled violations of FCRA in Counts Seven, Eight, and Nine of her Complaint within the two-year statute of limitations. WFNNB's motion to dismiss those counts pursuant to Rule 12(b)(1) will be denied.

WFNNB also seeks dismissal of Count Nine pursuant to Rule 12(b)(6) for failure to state a claim. WFNNB argues that Broccuto has not sufficiently pled violations of 15 U.S.C. § 1681s-2(b)(1)(C) and (D).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). A complaint need only have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d at 952.

Count Nine of Broccuto's Complaint, paragraph 75, states: "On one or more

10

occasions within the two years prior to the filing of this suit[] . . . [WFNNB] . . .violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the Lane Bryant . . . representations within Plaintiff's credit file with Equifax, Experian, and TransUnion without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency." This language, coupled with the factual allegations contained in the Complaint, which are assumed to be true at this stage, sufficiently states an FCRA claim for which this Court could provide relief.  WFNNB's motion to dismiss Count Nine pursuant to Rule 12(b)(6) will also be denied.

For the reasons stated above, Defendant's Motion to Dismiss is denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

ENTERED this 6th day of May 2008
Richmond, VA

11