## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

_____

**ROBIN D. BROCCUTO,**             )
                                        )
              **Plaintiff,**       )
**v.**                                )     **Case No.: 3:07cv782**
                                          )
**EXPERIAN INFORMATION SOLUTIONS,**   )
**INC., et al.,**                        )
                                        )
              **Defendants.**     )
_____)

## ANSWER

Defendant World Financial Network National Bank (hereinafter "WFNNB"), by counsel, states as follows as its Answer to the Complaint filed by Robin D. Broccuto:

1.     Paragraph 1 contains no allegations directed at WFNNB, and therefore no response is required. To the extent any response is required, WFNNB denies the allegations of paragraph 1.

2.     Paragraph 2 states a legal conclusion to which no response is required. To the extent any response is required, WFNNB denies the allegations of paragraph 2.

3.     In response to Paragraph 3, WFNNB admits that Plaintiff is a natural persons and resident of the Commonwealth of Virginia. The remainder of Paragraph 3 states a legal conclusion to which no response is required. To the extent any response is required, WFNNB denies the remaining allegations of paragraph 3.

4.     The allegations in Paragraph 4 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required. To the extent any response is required, WFNNB denies the allegations of paragraph 4.

5.      The allegations in paragraph 5 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 5.

6.      The allegations in paragraph 6 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 6.

7.      The allegations in paragraph 7 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 7.

8.      The allegations in paragraph 8 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 8.

9.      The allegations in paragraph 9 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 9.

10.     The allegations in paragraph 10 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 10.

11.     The allegations in paragraph 11 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 11.

12.     The allegations in paragraph 12 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 12.

13.     The allegations in paragraph 13 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 13.

14.     WFNNB denies the allegations of paragraph 14.

15.     WFNNB denies the allegations of paragraph 15.

16.     WFNNB denies the allegations of paragraph 16.

17.     The allegations in paragraph 17 are not directed at WFNNB, but are directed at a defendant which is no longer a party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraph 17.

18.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies the same.

19.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies the same.

20.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies the same.

21.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies the same.

22.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies the same.

23.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies the same.

24.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies the same.

25.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies the same.

26.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies the same..

27.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies the same..

28.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies the same.

29.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies the same.

30.     WFNNB denies the allegations of paragraph 30.

31.     WFNNB denies the allegations of paragraph 31.

32.     WFNNB is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32, and therefore denies the same.

33.     WFNNB denies the allegations contained in paragraph 33, except that WFNNB admits that on one or more occasions either Equifax, Experian, or TransUnion forwarded a dispute by Plaintiff to WFNNB.

34.     Paragraph 34 contains no allegations directed at WFNNB, and therefore no response is required.

4

35-63. The allegations in paragraphs 35 through and including 63 are not directed at WFNNB, but are directed at defendants who are no longer party to this case, so no response from WFNNB is required.  To the extent any response is required, WFNNB denies the allegations of paragraphs 35 through and including 63.

64.     Paragraph 64 contains no allegations directed at WFNNB, and therefore no response is required.

65.     WFNNB denies the allegations of paragraph 65.

66.     WFNNB denies the allegations of paragraph 66.

67.     WFNNB denies the allegations of paragraph 67.

68.     WFNNB denies the allegations of paragraph 68.

69.     Paragraph 69 contains no allegations directed at WFNNB, and therefore no response is required.

70.     WFNNB denies the allegations of paragraph 70.

71.     WFNNB denies the allegations of paragraph 71.

72.     WFNNB denies the allegations of paragraph 72.

73.     WFNNB denies the allegations of paragraph 73.

74.     Paragraph 74 contains no allegations directed at WFNNB, and therefore no response is required.

75.     WFNNB denies the allegations of paragraph 75.

76.     WFNNB denies the allegations of paragraph 76.

77.     WFNNB denies the allegations of paragraph 77.

78.     WFNNB denies the allegations of paragraph 78.

79.     WFNNB denies that Plaintiff is entitled to the relief requested in the Complaint.

80.     WFNNB denies each and every allegation of Plaintiff's Complaint not specifically admitted in this Answer.

## DEFENSES

1.      The conduct of WFNNB alleged in the Complaint was not a proximate, legal, or other cause of any damages allegedly sustained by Plaintiff.

2.      Plaintiff's claims are or may be barred, in whole or in part, by the statute of limitations or the operation of the doctrines of estoppel, waiver, laches, and/or prescription.

3.      Credit reporting agencies failed to forward Plaintiff's disputes, in whole or in part, to WFNNB.

4.      WFNNB conducted a reasonable investigation in response to Plaintiff's disputes which included, among other actions, a review of all relevant information provided by the consumer reporting agencies.

5.      The investigation conducted by WFNNB in response to Plaintiff's disputes revealed that no incomplete or inaccurate information had been reported to the credit reporting agencies.

6.      WFNNB's investigation was carried out in good faith and in accordance with reasonable commercial standards.

7.      WFNNB did not willfully or maliciously violate any of the requirements applicable to it as set out in 15 U.S.C. § 1681s-2 or in any other way act willfully or maliciously toward Plaintiff.

8.      WFNNB did not negligently violate any of the requirements applicable to it as set out in 15 U.S.C. § 1681s-2.

9.      WFNNB did not act negligently with respect to its investigation of Plaintiff's disputes.

10.      Plaintiff seeks damages too speculative to permit recovery.

11.      Should Plaintiff prevail against WFNNB, WFNNB's liability is several and limited to its own actionable segment, if any.

12.      WFNNB carried out each and every one of the duties imposed upon it by 15 U.S.C. § 1681s-2(b)(1)(A), (B), (C), and (D).

13.      WFNNB may have additional defenses that cannot now be articulated due to the generality of Plaintiff's Complaint and the fact that discovery is not complete.   Accordingly, WFNNB reserves its rights to supplement the foregoing and to raise additional defenses that may become evident during the course of this action or as discovery progresses.

**WHEREFORE**, WFNNB seeks judgment: (1) dismissing the Complaint with prejudice; (2) denying all relief sought in the Complaint with prejudice; and (3) imposing such other relief in favor of WFNNB as may be appropriate.

WORLD FINANCIAL NETWORK NATIONAL BANK


By: _____/s/_____
                                  Counsel


John B. Mumford, Jr. (VSB No.: 38764)
Kathryn E. Kransdorf (VSB No.: 74124)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Phone:  (804) 967-9604
Fax:  (804) 967-9888
jmumford@hdjn.com
kkransdorf@hdjn.com
*Counsel for World Financial Network National Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2008 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Leonard A. Bennett
Consumer Litigation Associates, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia  23606
lenbennett@cox.net

David N. Anthony
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
david.anthony@troutmansanders.com

Bruce S. Luckman
Kogan Trichon & Wertheimer P.C.
1818 Market Street, 30th Floor
Philadelphia, Pennsylvania  19103
bluckman@mstkw.com

Mark G. Carlton
Harman Claytor Corrigan & Wellman
4951 Lake Brook Drive, Suite 100
Glen Allen, Virginia  23060-9272
mcarlton@hccw.com

Travis A. Sabalewski
Stacy L. Haney
Adela B. Parvaiz
Reed Smith LLP
901 East Byrd Street, Suite 1700
Richmond, Virginia  23219-4069
tsabalewski@reedsmith.com
shaney@reedsmith.com
aparvaiz@reedsmith.com

James D. Cuthbertson
Miles & Stockbridge
1751 Pinnacle Drive, Suite 500
McLean, Virginia  22102-3833
jcuthbertson@milesstockbridge.com

_____ /s/ _____
John B. Mumford, Jr. (VSB No.: 38764)
Kathryn E. Kransdorf (VSB No.: 74124)
Hancock, Daniel, Johnson & Nagle, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
Phone:  (804) 967-9604
Fax:  (804) 967-9888
jmumford@hdjn.com
kkransdorf@hdjn.com
*Counsel for World Financial Network National Bank*